**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Mario Lopez and Roberto Lozano, | ) | |
| | ) | Case No. 18-cv-4462 |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| John Hendrick, Pam Hendrick, Bilika, Inc. | ) | |
| D.B.A. Café Vienna | ) | |
| | ) |     Jury demanded |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs, through their undersigned attorneys as their Complaint against Defendants, allege the following:

**NATURE OF THE CASE**

1.    This action is brought to remedy nonpayment of wages in violation of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act.

2.    This an action to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and an action to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/4 and 5, on behalf of Mario Lopez and Roberto Lozano.

3.    In violation of the FLSA and the IMWL, Defendants failed to pay Plaintiffs wages owed, and overtime compensation at the rate of one and one half times their regular rates of pay for all hours worked in excess of forty in a workweek. Defendants also violated the IMWL by failing to pay Plaintiffs at the minimum hourly wage and by not paying the prescribed rate of one and one-half times the employees' regular wage

11

rates for all overtime hours worked. Defendants violated the IWPCA by failing to pay wages when due and failing to pay final compensation when due.

4.     As a remedy for Defendants' acts, Plaintiffs seek relief for unpaid overtime wages, liquidated damages under the FLSA, state law penalties, and attorney's fees and costs.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331.

6.     Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

7.     At all relevant times herein, Plaintiffs Mario Lopez and Roberto Lozano were domiciled within this judicial district.

8.     At all relevant times herein, Plaintiffs were employed by Defendants as "employees" as defined by the FLSA, IMWL, IWPCA within this judicial district.

9.     At all relevant times herein, Plaintiffs were not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

10.     During the course of their employment, Plaintiffs worked as restaurant workers for Defendants.

11.     At all relevant times herein, Plaintiffs were engaged in commerce or in the production of goods for commerce, as those terms are defined under the act.

12.     Defendant Bilika, Inc. d/b/a. Café Vienna (hereinafter "Bilika") is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district. Bilika is an "enterprise" as defined by in Section 3(r)(1) of the

12

FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

13. At all relevant times herein, Bilika, was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq*.

14. Defendants John and Pam Hendrick were involved in the day to day business operations of Defendant Bilika. Defendants John and Pam Hendrick had the authority to hire and fire persons employed by Defendant Bilika, including the Plaintiffs; the authority to direct and supervise the work of Defendant Bilika's employees; the authority to sign on Defendant Bilika's checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

15. Defendants John and Pam Hendrick were Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq*.

16. Plaintiffs have executed consent to sue notices, which are attached to this complaint as an exhibit.

### COUNT I
### Violation of the FLSA - 29 U.S.C. § 207
### Failure to Pay Overtime Wages

17. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

18. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq*., for their failure to pay overtime wages to Plaintiffs at a rate of one and one-half times Plaintiffs' regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

19. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not

13

exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

20.     During the course of Plaintiffs' employment with Defendants, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

21.     Pursuant to 29 U.S.C. §207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

22.     Defendants did not compensate Plaintiffs at the rate of one and one-half time their regular rate for all time worked in excess of forty (40) hours in individual work weeks.

23.     Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one-half times their hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

24.     Defendants willfully violated the FLSA by refusing to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

25.     Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for hours worked in excess of forty hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' regular rate for all time Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

14

## COUNT II
## Violation of the IMWL - 820 ILCS 105/4(a)(1)
## Failure to Pay Overtime Wages

26.     Plaintiffs re-allege and incorporate by reference the allegations set forth in
 each of the preceding paragraphs of this Complaint.

27.     Count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq*.,
for their failure to pay wages to Plaintiffs at a rate of one and one-half times their
regular hourly rate of pay for all time worked in excess of forty (40) hours in certain
individual work weeks.

28.     During the course of Plaintiffs' employment by Defendants, Plaintiffs were not
exempt from the overtime wage provisions of the IMWL.

29.     During the course of Plaintiffs' employment with Defendants, Plaintiffs were
directed by Defendants to work, and did so work, in excess of forty (40) hours in
individual work weeks.

30.     Pursuant to 820 ILCS 105/4(a), Plaintiffs were entitled to be compensated at a
rate of one and one-half times their regular hourly rate of pay for all time worked in
excess of forty (40) hours in individual work weeks.

31.     Defendants did not compensate Plaintiffs at the rate of one and one-half time
their regular hourly rate of pay for all time worked in excess of forty (40) hours in
individual work weeks.

32.     Defendants' failure to pay Plaintiffs' overtime wages at a rate of one and one-half
times their regular hourly rate of pay for all time worked in excess of forty (40) hours in
individual work weeks violated the maximum hour provisions of the IMWL.

33.     Pursuant to 820 ILCS 105/12(a), Plaintiffs were entitled to recover unpaid wages
for three (3) years prior to the filing of this suit, plus damages in the amount of two

15

percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain pursuant to 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the IWPCA – 820 ILCS 115/4
### Failure to Pay Wages When Due

34.     Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

35.     Count III arises from Defendants' failure to pay Plaintiffs' earned wages when due, for all time worked, at the rate agreed to by the parties in violation of the IWPCA, 820 ILCS 115/4.

36.     Pursuant to the IWPCA, Plaintiffs were entitled to be paid for all time worked at the rate agreed upon by the parties within 13 days of the end of the customary pay period.

37.     By failing to pay Plaintiffs, at all for weeks of work performed, Defendants failed to pay Plaintiffs all sum due within 13 days after the end of the established pay period.

38.     Defendants' failure to pay all wages, when due, violated the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due, as provided by the IWPCA;

B. Penalties of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

16

C. Reasonable attorneys' fees and costs of this action as provided by the IWPCA;

D. That the Court determines the rights of the parties and direct Defendants to account for all hours owed wages owed to Plaintiff;

Respectfully submitted,

/s/   Jorge Sanchez
One of Plaintiffs' attorneys

Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Dated: June 27, 2018

17

18